SEVERSON, Justice
(concurring specially).
[¶ 73.] I write specially to discuss the use of other-acts evidence under SDCL 19-19-401 to -403, and -404(b). Our opinions and those of other courts are laden with many pages of tortured logic addressing other-acts evidence, frequently springing from attempts by litigants to utilize other-acts evidence for purposes contrary to the rules and from courts failing to clearly identify for juries how other-acts evidence should be considered. The rationales embodied in the rules are clear from the plain meaning derived from the language in the rules.
*85 [¶ 74.] First, the court must determine under SDCL 19-19-401 whether evidence is relevant, which is defined as “having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” This is a pretty simple concept.
[¶ 75.] Second, under SDCL 19-19-402, “[a]ll relevant evidence is admissible, except as otherwise provided by constitution or statute or by this chapter [ (South Dakota Rules of Evidence)] or other rules promulgated by the Supreme Court of this state. Evidence which is not relevant is not admissible.” Again this is pretty simple logic.
[¶ 76.] Third, the court needs to skip to Rule 404(b). “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” SDCL 19-19-404(b). Again this is simple and clear language. The rule then goes on to explain that other crimes, wrongs, or acts “may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Id.
[¶ 77.] Fourth, the court needs to go back to SDCL 19-19-403 and apply a balancing test. “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” SDCL 19-19-403.
[¶ 78.] Much of the fog surrounding other-acts evidence could be cleared by courts: (1) identifying the specific purpose for which the other-acts evidence is admitted, (2) using limiting instructions clarifying for the jury the- limited purpose for which the evidence can be used, see SDCL 19-19-105; McDowell v. Citicorp U.S.A., 2007 S.D. 53, ¶ 20, 734 N.W.2d 14, 20 (“[I]f the evidence is admitted, the court should instruct the jury on the limited purpose for which the jury may consider the evidence.”), and (3) enforcing the rules of evidence at trial to limit consideration of the evidence to the purpose for which it is admitted.
[¶ 79.] In this case Judge Eklund identified the purpose for which the evidence of weapon possession from the incident on another date, July 2012, could be introduced. Defendant claimed that the charged crime was in fact an accident. The court at a pretrial hearing indicated the other-acts evidence went to whether the incident was an accident or not. Although the court did not include the required balancing on the record, we are applying the rationale from United States v. Merriweather and other cases that a reversal is not required since it is apparent from the record as a whole that the court did in fact balance the probative value, determining that it was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. 78 F.3d 1070 (6th Cir.1996); supra ¶ 59. This does not eliminate the need to balance under Rule 403 and to make a record. A reversal is simply not a required remedy for abuse of the court’s discretion in this case when the record as a whole indicates the judge did in fact perform the required balancing.